IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DARYL KEVIN STOKES, #313-631 | * | |
| Petitioner | * | |
| v | * | Civil Action No. RDB-16-1472 |
| WARDEN RICHARD DOVEY and THE ATTORNEY GENERAL OF THE STATE OF MARYLAND | * | |
| Respondents | * | |

***

# MEMORANDUM OPINION

Pending is Daryl Kevin Stokes' Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging his 2003 judgment of conviction for armed robbery and related offenses. (ECF 1). Respondents Warden Richard Dovey and the Attorney General of the State of Maryland filed a limited Answer seeking dismissal of the Petition as time-barred. (ECF 5). Stokes has filed a Response. (ECF 7). Respondents subsequently provided additional information at direction of this Court, and Stokes filed a Reply. (ECF 8, 11, 13).[1]

The case is briefed and ready for disposition. After considering the pleadings, exhibits, and applicable law, this Court finds a hearing unnecessary. *See* Local Rule 105.6 (D. Md. 2016); Rule 8, *Rules Governing Section 2254 Proceedings in the United States District Courts*; *see also Fisher v. Lee*, 215 F.3d 438, 455 (4th Cir. 2000) (stating a petitioner is not entitled to a hearing under 28 U.S.C. §2254(e)(2)). The Court will DENY AND DISMISS the Petition as time-barred.

---

[1] Stokes' filing, captioned a Supplement to the Petition, also attempted to raise a conflict of interest claim against post-conviction counsel. (ECF 13).

## PROCEDURAL HISTORY

On February 12, 2003, Stokes was convicted by a jury sitting in the Circuit Court for Harford County of three counts each of armed robbery, robbery, first degree assault, second degree assault, one count of use of a handgun in the commission of a felony and crime of violence, and other related offenses. (ECF 5-1). On April 28, 2003, the Circuit Court sentenced Stokes to three concurrent twenty-year sentences for the armed robbery convictions and a ten-year consecutive sentence for the use of a handgun in a crime of violence conviction. All other sentences were merged. *Id*.

On June 10, 2003, Stokes filed a Motion for Modification or Reduction of Sentence that was held sub curia. (ECF 5-1 at 8).

On February 17, 2005, the Court of Special Appeals of Maryland affirmed Stokes' judgment of conviction. *Id; see also* ECF 5-1 at 9; Memorandum Opinion, *Stokes v. Bishop,* ECF No. RDB-12-840 (D. Md. 2014); ECF 5-2.[2] The Court of Appeals of Maryland denied Stokes' request for further review on June 10, 2005. (ECF 5-2).

On August 27, 2008, Stokes filed a Petition for Post-Conviction relief in the Circuit Court for Harford County. (ECF 5-2). The Circuit Court conducted a hearing on Stokes' Post-Conviction Petition on February 6, 2009. *Id.* On April 17, 2009, the state post-conviction court denied relief. *Id*.

---

[2] This Court takes notice of the Memorandum Opinion and the state court records filed in *Stokes v Bishop, et al.,* Civil Action No. RDB-12-840 (D. Md. 2014). *See Anderson v. Fed. Deposit Ins. Corp*., 918 F.2d 1139, 1141 n. 1 (4th Cir. 1990) (noting a court may take judicial notice of its own records); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 322 (2007); *Philips v. Pitt Cty. Mem'l Hosp*., 572 F.3d 176, 180 (4th Cir. 2009) (observing a court may take judicial notice of public records such as court documents without converting a motion to dismiss to one for summary judgment.)

Stokes' earlier petition for federal habeas relief under 28 U.S.C.§2254 was dismissed without prejudice as none of his claims had been previously raised in state court. *Stokes v Bishop, et al.,* Civil Action No. RDB-12-840 (D. Md. 2014).

On April 28, 2011, a "Letter of Defendant to Judge Eaves requesting a modification of his sentence" was denied. *Id*. at 11.

In an unreported opinion filed on August 10, 2011, the Court of Special Appeals of Maryland summarily denied Stokes' Application for Leave to Appeal. *Id.* The mandate issued on September 12, 2011. (ECF 5-2).

On May 28, 2014, Stokes' submitted a filing that the Circuit Court treated as a Motion to Reopen Post-Conviction proceedings and denied. (ECF 5-1). On September 17, 2015, the Court of Special Appeals denied Stokes' Application for Leave to Appeal. (ECF 5-3).

This Court treats the Petition as filed on the date it was signed, April 23, 2015. *See Houston v. Lack,* 487 U.S. 266 (1988); *United States v. Dorsey,* 988 F. Supp. 917, 919-20 (D. Md. 1998); Rule 3(d) of the *Rules Governing Section 2254 Cases in the United States District Courts* (applying the "mailbox rule").

On September 6, 2016, this Court ordered Respondents to clarify whether the 2003 Motion for Modification remained pending. (ECF 8 at 2).

On October 11, 2016, Respondents filed a Response asserting that because Stokes' April 20, 2011, Petition for Modification of Sentence was filed well more than 90 days after his April 28, 2003 sentencing, the pleading was a nullity under Maryland Rule 4-345(e),[3] unless construed by the sentencing court as a request for a ruling on the pending year 2003 petition for reduction or modification of sentence. Respondents assert that the Circuit Court's actions on Stokes' April 20, 2011 filing indicate that the court treated the filing as a request for a ruling on the year 2003, Motion for Reduction or Modification of Sentence. The Circuit Court then denied the 2003

---

[3] Md. Rule 4-345(e) provides that a Motion for Modification be filed within 90 days after imposition of sentence. Prior to 2004, there was no time limit for the state court to rule on the motion. Thus, motions could remain pending indefinitely. As of May 11, 2004, the Rule was changed to limit the time to revise a judgment to five years from the date the sentence was imposed. Md. Rule 4-345(e).

3

Motion. (ECF No. 11). Stokes does not dispute Respondents' position. (ECF 13). The Court agrees and will treat the 2003 Motion for Modification or Reduction of Sentence as denied on April 28, 2011.[4]

Stokes now seeks habeas release based on the following claims: 1) a police detective who testified at trial committed perjury; 2) the police detective violated his right to due process at trial; 3) prosecutorial misconduct; 4) a subsequent offender request was improperly filed; 5) ineffective assistance of trial, appellate, and post-conviction counsel. ECF 1 at 8-10. Before the merits of these claims may be reviewed, however, this Court must consider whether the Petition was timely filed.

## LIMITATIONS PERIOD

### A. STATUTORY TOLLING

A one-year statute of limitations applies to habeas petitions in non-capital cases for a person convicted in a state court. *See* 28 U.S.C. § 2244(d)(1); *Wall v. Kholi*, 562 U.S. 545, 549 (2011). The one-year limitation period runs from the latest of four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

---

[4] This Court has held that a Motion for Modification of Sentence under Md. Rule 4-345 does not toll the running of the statute of limitations. *See e.g. Tasker v. Maryland,* No. AW-11-1869, 2013 WL 425040 (D. Md. Jan. 31, 2013); *Woodfolk, v Maynard,* No. JFM-13-3268, 2014 WL 6674577 (D. Md. Nov. 24, 2014). On October 11, 2017, the Honorable Deborah K. Chasanow issued a Certificate of Appealability on this issue in *Mitchell v. Green,* 2017 DKC-13-2063, 2017 WL 4536001 (D. Md. October 11, 2017). The case is on appeal in the United States Court of Appeals for the Fourth Circuit. *Mitchell v. Green*, CA4 17-7450. Because Stokes' Motion for Modification was denied by the state court on April 28, 2011, there is no need to stay this case pending a decision in *Mitchell.*

28 U.S.C. §2244(d)(1). "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. §2244(d)(2).

### B. EQUITABLE TOLLING

"[T]he one year limitation period is subject to equitable tolling in 'those rare instances where - due to circumstances external to the party's own conduct - it would be unconscionable to enforce the limitation against the party.'" *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) (quoting *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2004)). To be entitled to equitable tolling, the movant must show (1) that he has acted with "reasonable diligence" in pursuing his rights, and (2) that some extraordinary circumstance prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649, 653 (2010).

### DISCUSSION

Under the circumstances presented here, the appropriate time to start the running of the limitations period is the date judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. §2244(d)(1)(A). The other statutory alternatives for starting the running the limitations period, 28 U.S.C. §2244(d)(1)(B)-(D), do not apply under the facts presented.

The Court of Appeals of Maryland denied Stokes' Petition for Writ of Certiorari on request for further review on June 10, 2005. ECF 5-3. Thus, Stokes' conviction became final for direct appeal purposes on September 8, 2005, when the time for seeking review in the Supreme Court of the United States expired. *See Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009) (holding that a state prisoner's conviction became final under § 2244(d)(1)(A) once the

time for seeking certiorari review of the state court judgment expired); Sup. Ct. Rule 13.1 (requiring petition for a writ of certiorari to be filed within 90 days of date of judgment from which review is sought). Because there were no properly filed post-conviction proceedings during that time, the limitations period expired one year later on September 8, 2006, long before the instant federal petition was filed.

Even if the Court were to assume Stokes' June 10, 2003 Motion for Modification of Sentence tolled the limitations period, that Motion was denied on April 28, 2011. Approximately five months later on September 12, 2011, Stokes' initial post-conviction proceedings became final when the Court of Special Appeals of Maryland issued its mandate from the denial of Stokes' Application for Leave to Appeal. Then, more than 32 months passed until May 28, 2014, when Stokes filed a Motion to Reopen Post Conviction Proceedings. During this time there were no proceedings pending in state court to toll the limitations period. After those proceedings became final on October 19, 2015, another six months elapsed before Stokes filed this federal habeas petition.

Stokes does not assert any grounds for equitably tolling the limitations period. Stokes notes that after his first federal habeas petition was dismissed as unexhausted on March 27, 2014, he filed his Motion to Reopen Post-Conviction Proceedings on May 28, 2014. (ECF 7). He adds that after the Motion to Reopen was denied, October 19, 2015, he filed the instant federal petition "a little over six months later." ECF No. 7 at 1. To the extent Stokes misunderstands how the limitations period is calculated, this does not constitute an extraordinary circumstance to warrant equitable tolling. Stokes filed this §2254 Petition well beyond the expiration of the limitations period and it is time-barred.

## CERTIFICATE OF APPEALABILITY

When, as here, a district court dismisses a habeas petition solely on procedural grounds, a Certificate of Appealability ("COA") will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rouse v. Lee,* 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). A litigant seeking a COA must demonstrate that a procedural ruling barring relief is itself debatable among jurists of reason; otherwise, the appeal would not "deserve encouragement to proceed further." *Buck v. Davis*, 137 S. Ct. 759, 777 (2017). Because Stokes has not made the aforementioned showing, this Court will not issue a COA.

## CONCLUSION

For these reasons, the Petition IS DENIED and DISMISSED as time-barred. A Certificate of Appealability SHALL NOT ISSUE. A separate Order follows.

March 22, 2018.   \_\_\_\_/S/_____
RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE